**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**


JACOB E.,[1]                                    **3:17-cv-01748-BR**

      **Plaintiff,**                          **OPINION AND ORDER**

**v.**

**COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,**

      **Defendant.**


**BRUCE W. BREWER**
Law Offices of Bruce W. Brewer, PC
P.O. Box 421
West Linn, OR 97068
(503) 621-6633

      Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1000

---

    [1]  In the interest of privacy and pursuant to the
recommendation of the Judicial Conference of the United States,
this Opinion and Order uses only the first name and the initial
of the last name of the nongovernmental parties.  The same
designation will be used to identify nongovernmental parties'
family members if named in this case.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JEFFREY R. McCLAIN**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2945

        Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Jacob E. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.


## ADMINISTRATIVE HISTORY

**I.    Prior Administrative History**

Plaintiff protectively filed his application for SSI benefits on November 7, 2011.  Tr. 15.  Plaintiff alleges a disability onset date of June 1, 2004.  Tr. 15, 544.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on November 27,

2013.  Tr. 15, 32-76.  Plaintiff and a vocational expert (VE) testified.  Plaintiff was represented by an attorney at the hearing.

On December 12, 2013, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 15-26.  Plaintiff requested review by the Appeals Council.  On May 15, 2015, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-6. *See Sims* v. *Apfel*, 530 U.S. 103, 106-07 (2000).

On July 7, 2015, Plaintiff filed a Complaint in this Court for review of the Commissioner's decision.  Tr. 612.  That case was assigned to the Honorable Ann L. Aiken.

On September 22, 2016, the parties filed a Stipulated Motion for Remand and agreed the court should reverse the decision of the ALJ, remand this matter pursuant to Sentence Four of 42 U.S.C. § 405(g), and allow a further hearing on Plaintiff's claim.

On October 3, 2016, Judge Aiken issued an Order (Tr. 616) for Remand, entered a Judgment (Tr. 619), and remanded this case for a *de novo* hearing.

## II.  **Current Administrative History**

On December 19, 2016, following remand by this Court, the Appeals Council vacated the decision of the Commissioner and

remanded this case to an ALJ for further proceedings.  Tr. 627-29.

On June 2, 2017, a different ALJ held further proceedings on Plaintiff's application.  Tr. 544, 564-86.  Plaintiff and a VE testified.  Plaintiff was represented by an attorney at the hearing.

On July 5, 2017, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 544-47.

Plaintiff did not file exceptions to the ALJ's decision, and, therefore, the Appeals Council did not assume jurisdiction.  20 C.F.R. § 404.984(b) and (c).  The decision of the ALJ became the final decision of the Commissioner on September 5, 2017.  *See* 20 C.F.R. § 404.984(d).

On November 1, 2017, Plaintiff filed a Complaint in this Court for review of the Commissioner's decision.


## BACKGROUND

Plaintiff was born on June 3, 1979.  Tr. 556.  Plaintiff was thirty-eight years old at the time of the last hearing in July 2017.  Plaintiff has at least a high-school education.  Tr. 556.  The ALJ found Plaintiff does not have any past relevant work experience.  Tr. 556.

In his initial application Plaintiff alleges disability due

to "marginal intellectual functioning, epilepsy, depression, and dyslexia."  Tr. 78.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 549-55.


## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.,*

682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is
"relevant evidence that a reasonable mind might accept as
adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11
(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690
(9th Cir. 2009)).  It is more than a mere scintilla [of evidence]
but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d
at 690).

The ALJ is responsible for evaluating a claimant's
testimony, resolving conflicts in the medical evidence, and
resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th
Cir. 2009).  The court must weigh all of the evidence whether it
supports or detracts from the Commissioner's decision.  *Ryan v.
Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even
when the evidence is susceptible to more than one rational
interpretation, the court must uphold the Commissioner's findings
if they are supported by inferences reasonably drawn from the
record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).
The court may not substitute its judgment for that of the
Commissioner.  *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir.
2006).


## DISABILITY ANALYSIS

**I.   The Regulatory Sequential Evaluation**

At Step One the claimant is not disabled if the Commissioner

determines the claimant is engaged in substantial gainful activity (SGA).  20 C.F.R. § 416.920(a)(4)(I).  *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments.  20 C.F.R. § 416.920(a)(4)(ii).  *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete

incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since November 7, 2011, Plaintiff's application date. Tr. 546.

At Step Two the ALJ found Plaintiff has the severe impairments of "a learning disorder, minor motor seizures[,] and alcohol abuse in claimed partial remission."  Tr. 546.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1.  Tr. 546.  The ALJ found Plaintiff has the RFC to perform the full range of work at all exertional levels. Tr. 548.  The ALJ, however, found Plaintiff has the following nonexertional limitations:  He should "avoid exposure to hazards, such as moving machinery and heights"; he is "capable of understanding short, simple instructions, but he would be unable to sustain work with more complex instructions"; he would "benefit from working in a repetitive, predictable environment with no changes in duties"; and his "tasks should be well-structured, easily learned, and with minimal speed demands." Tr. 548.

At Step Four the ALJ concluded transferability of job skills is not an issue because Plaintiff does not have past relevant work experience.  Tr. 556.

Based on Plaintiff's age, education, work experience, and RFC, the ALJ found at Step Five that Plaintiff can perform the following occupations that exist in significant numbers in the national economy:  "Cleaner, Commercial/Institutional,"

"Cleaner/Housekeeping," and "Hospital Cleaner." Tr. 556-57.

Thus, the ALJ concluded Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 557.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) failed to provide clear and convincing reasons for discrediting Plaintiff's testimony and (2) improperly discounted the medical opinions of examining and nonexamining psychologists.

The Commissioner, however, contends the ALJ (1) offered clear and convincing reasons as to why Plaintiff's subjective statements were not entirely reliable and (2) provided specific and legitimate reasons supported by substantial evidence in the record for rejecting the psychologists' opinions.

## I. The ALJ did not err when he discounted Plaintiff's symptom testimony.

Plaintiff contends the ALJ failed to identify the part of Plaintiff's testimony that he found were not credible and failed to identify the evidence that allegedly undermined Plaintiff's testimony. Plaintiff also argues the ALJ violated the standard of SSR 16-3p by using the alleged inconsistencies in Plaintiff's testimony to infer Plaintiff is not a truthful person.

The ALJ concluded Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other

evidence in the record."  Tr. 549.

**A.  Standards**

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment and must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester*, 81 F.3d at 834).

SSR 16-3p clarifies that ALJs "must limit their evaluation to the individual's statements about his or her symptoms and the evidence in the record that is relevant to the individual's impairments."  2017 WL 5180304, at *11 (republished Oct. 25, 2017).  In addition, SSR 16-3p provides the ALJ "will

not assess an individual's overall character for truthfulness in the manner typically used during an adversarial court litigation." *Id.* Thus, SSR 16-3p eliminates the use of the term "credibility" in symptom assessment and stresses "subjective symptom evaluation is not an examination of an individual's character." *Id.*, at *2.

The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony and to "reasonably discern the ALJ's path." *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015). If the ALJ's finding is specific, clear, and convincing, and supported by substantial evidence in the record, the court may not engage in second-guessing. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ may consider the medical history, medical source opinion evidence, and "statements about treatment" by a medical source. 20 C.F.R. §§ 404.1512(b)(ii), 416.912(b)(ii). "Medical source" refers both to "acceptable medical sources" and other health-care providers who are "not acceptable medical sources." *See* SSR 06-03p. *See also* 20 C.F.R. §§ 404.1502, 416.902. Medical sources classified as "not acceptable" include, but are not limited to, nurse practitioners. SSR 06-03p, at *2. Factors the ALJ should consider when determining the weight to give an opinion from these sources include the length of time the

source has known the claimant, the number of times and frequency that the source has seen the claimant, and the consistency of the source's opinion with other evidence in the record. SSR 06-03p, at *4.

**B. Analysis**

The ALJ noted Plaintiff commenced treatment with Terrance James, FNP, a nurse practitioner, in April 2012 when Plaintiff was approximately 33 years old. Tr. 549. James assessed Plaintiff with "absence seizure" and prescribed an anti-seizure medication. Tr. 452, 549. At the time of his treatment Plaintiff stated he had not seen anyone for his alleged disabling seizures "since his teens" even though Plaintiff alleged a disability onset date of June 1, 2004. Tr. 451, 549. The ALJ noted in November 2012 Plaintiff reported to James that he had "done well on medication, had "no issues with seizures," and only experienced seizures when he ran out of his medications. Tr. 549-50. The ALJ concluded Plaintiff's medical records from James "are strong persuasive evidence that [Plaintiff's] seizures are not particularly limiting when h[e] takes appropriate medications as prescribed." Tr. 550.

The ALJ also found other medical evidence contravened Plaintiff's allegations of disabling symptoms and limitations. Tr. 552-53. For example, the ALJ noted Plaintiff was examined in March 2012 by Daniel L. Scharf, Ph.D., an examining psychologist.

Tr. 411. Dr. Scharf noted although Plaintiff has intellectual functioning in the low-average range and has difficulties with speed, information processing, and adaptive behavior, Plaintiff is able to understand and to remember instructions and to sustain concentration and attention. Tr. 414. Dr. Scharf also noted Plaintiff was able to maintain attention throughout the two-hour examination even though he "may have mild difficulties with persistence." Tr. 416. An ALJ may discount a claimant's symptom testimony that is unsupported by the medical evidence, including an examining psychologist's report. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008).

The ALJ also noted Plaintiff stopped working at his last job as a janitor for reasons other than his impairments. Tr. 554. Plaintiff testified he obtained his janitorial job through Oregon Vocational Rehabilitation Department (VRD) and lost this job when he was fired for not "doing my job correctly," for "missing hours," and for showing up for work intoxicated. Tr. 38, 413, 527, 555. Plaintiff contends this information is "immaterial unless tied to the rejection of particular testimony" and was "erroneously used [by the ALJ] to make the implied finding that Plaintiff is not a truthful person." Pl.'s Brief at 18. The Ninth Circuit, however, has held a poor work history can show a claimant does not have a propensity to work and constitutes a clear and convincing reason to reject a claimant's

symptom testimony. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

On this record the Court concludes the ALJ did not err when he discredited Plaintiff's testimony because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II. The ALJ properly evaluated the medical opinions of the psychologists.

Plaintiff contends the ALJ erred when he discounted the medical opinions of Leslie Carter, Ph.D., and Robinann Cogburn, Ph.D., both examining psychologists, and Mary Lee Nichols, Ph.D., a nonexamining psychologist.

### A. Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor

treat the claimant (nonexamining physicians)." *Garrison*, 759
F.3d at 1012. "As a general rule, more weight should be given to
the opinion of a treating source than to the opinion of doctors
who do not treat the claimant." *Id.* Although the opinion of a
treating physician is entitled to greater weight than that of an
examining physician, the opinion of an examining physician is
entitled to greater weight than that of a nonexamining physician.
*Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining
physician's testimony depends 'on the degree to which [he]
provide[s] supporting explanations for [his] opinions.'" *Id.*
(quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted
by another doctor's opinion, an ALJ may only reject it by
providing specific and legitimate reasons that are supported by
substantial evidence." *Id.* Even when contradicted, a treating
or examining physician's opinion is still owed deference and will
often be "entitled to the greatest weight . . . even if it does
not meet the test for controlling weight." *Orn v. Astrue,* 495
F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the
"substantial evidence" requirement by "setting out a detailed and
thorough summary of the facts and conflicting clinical evidence,
stating his interpretation thereof, and making findings."
*Reddick,* 157 F.3d at 725. "The ALJ must do more than state
conclusions. He must set forth his own interpretations and

explain why they, rather than the doctors', are correct." *Id.*
(citation omitted).

## B. Analysis

Here the medical opinions of Drs. Carter, Cogburn, and
Nichols conflict with the medical opinion of Dr. Scharf.
Plaintiff contends the ALJ failed to provide specific and
legitimate reasons for accepting the medical opinion of
Dr. Scharf over the opinions of the other doctors.

### 1. Dr. Carter

Plaintiff was given a psychological evaluation by
Dr. Carter on April 21, 2014.  Tr. 525.  Dr. Carter diagnosed
Plaintiff with the following:  expressive/receptive language
disorder; cognitive disorder; social-anxiety disorder; major
depressive disorder; functional limitations in reading, writing,
and math; personality disorder; seizure disorder; and
psychosocial stressors.  Tr. 538.  Dr. Carter opined Plaintiff is
unable to work for 30% of an eight-hour workday in the following
areas because of his inability to understand, to remember, and to
carry out detailed instructions; to maintain attention and
concentration for extended periods; to perform activities within
a schedule and to maintain regular attendance; to sustain an
ordinary routine and to complete a normal workday and workweek
without interruptions from psychologically-based symptoms; to
maintain socially appropriate behavior; to travel to unfamiliar

places; and to set realistic goals. Tr. 521-24. She further concluded Plaintiff would be absent three days a month and off-task 20% of an eight-hour workday as a result of his impairments. *Id.*

The ALJ gave Dr. Carter's opinion "little weight" on the ground that her conclusions were inconsistent with Plaintiff's test results. The ALJ noted Plaintiff was able to sustain concentration and attention during the two-hour examination with Dr. Scharf, the scores that Plaintiff obtained on intellectual tests administered by Dr. Scharf were "generally consistent" with the scores obtained during other testing, and Plaintiff showed average performance and academic scores at or near expected levels. Tr. 416, 552. Accordingly, the ALJ gave Dr. Scharf's assessment greater weight. Tr. 552.

The ALJ also noted Plaintiff's presentation and behavior at the hearing and other examinations were inconsistent with Dr. Carter's assessment. Tr. 554. The ALJ indicated Plaintiff was "reasonably articulate," "made good eye contact," and "responded appropriately, although hesitantly" during the hearing. *Id.* The ALJ also cited portions of the record that reflected Plaintiff's "thoughts" during other examinations "were logical and goal directed," that Plaintiff did not display any "signs of major psychopathology," and that Plaintiff was "able to engage in appropriate social interaction." Tr. 413, 416, 554.

The ALJ further found Plaintiff's activities of daily living were inconsistent with Dr. Carter's assessment that Plaintiff had marked limitations in social functioning and activities.  Tr. 554.  The ALJ noted Plaintiff is independent in his personal care, able to prepare simple meals, able to clean his room and do laundry, and able to use public transportation and occasionally shop.  Tr. 314-15, 554.  Plaintiff even stated a desire to move out of his parents' home and live on his own if he received benefits.  Tr. 554-55, 571, 772.  The ALJ also pointed out that Plaintiff was able to interact with family members and others, including authority figures.  Tr. 317.

On this record the Court concludes the ALJ did not err when he discounted Dr. Carter's opinion because the ALJ provided specific and legitimate reasons supported by substantial evidence in the record for doing so.

### 2.   Drs. Cogburn and Nichols

In October 2012 Dr. Cogburn interviewed Plaintiff and performed psychological tests.  Tr. 493-500.  Dr. Cogburn noted Plaintiff's intellectual abilities are "in the average range," but Plaintiff's "cognitive difficulties are likely to lead to limitations in work skills, communication, and possibly self-direction" and "[h]is personality functioning is likely to give rise to limitations in interpersonal skills and communication." Tr. 499.

On November 8, 2012, Dr. Nichols performed a review of Plaintiff's records. Tr. 501. Dr. Nichols opined Plaintiff's "[c]oginitive deficits and problematic personality features may lead to significant difficulties in competitive employment." *Id.*

The ALJ gave "little weight" to the opinions of Drs. Cogburn and Nichol regarding Plaintiff's "cognitive deficits" and "problematic personality features" on the ground that their opinions were inconsistent with the overall medical evidence, including test results. Tr. 551. The ALJ found Dr. Cogburn's assessment of Plaintiff's personality issues as "suggestive" of deficits in interpersonal functioning" to be equivocal. *Id.* The ALJ noted Dr. Cogburn recommended Plaintiff "is likely to succeed most easily in an occupation where tasks are well structured, easily learned, repetitive, predictable, and where speed demands are minimal." Tr. 499. Dr. Nichols also noted Plaintiff "will do best in occupations where tasks are well structured, easily learned, repetitive, predictable, and where speed demands are minimal." Tr. 501. The ALJ specifically accounted for these job restrictions in his assessment of Plaintiff's RFC by limiting Plaintiff to jobs that do not involve complex instructions and that are repetitive, predictable, well-structured, easily learned, and have minimal speed demands. Tr. 548.

On this record the Court concludes the ALJ did not err

when he gave little weight to the opinions of Drs. Cogburn and Nichols because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 19th day of September, 2018.


/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge